DAUKSCH, Judge,
concurring specially.
Appellant wrote a letter to a friend eliciting help in a plan to escape from jail while awaiting trial on the charges for which he was tried and from which this appeal was taken. For some reason the state saw fit to offer that letter into evidence. Perhaps it was done to show the jury that appellant must be guilty because he wanted to escape from jail before trial.
It was error to admit this letter into evidence. It was of no probative value concerning any material issue at trial. The issue at trial was whether the murder was done in self-defense. There are many motives, other than that of guilt of the charged crime, which could have impelled appellant to write the letter. Appellant might have, at age twenty-one, feared prison as he said in his letter “... this jail is cake compared to prison they love cute, young, white boys like me.” Or, again at age twenty-one, he felt his life would be over if he went to prison because “upon completion of my term I’ll be forty-six, nineteen years from retirement with no wife, no kids ...” Whatever the motive for the letter there is no evidence that appellant or the letter’s recipient or anyone else really planned an escape. Nor is there any proof that the letter was written out of a sense of guilt; but only a fear of prison. It is surely a fact of life that everyone in prison, in jail, in a hospital, in a dreary job, in a bad marriage, in a poverty situation, in a cast, in a cramped airplane or bus, or in any situation of physical or psychic confinement wants to “escape.” To attempt to prove the guilt of *607 this appellant by this mere letter is obviously error.
The evidence of appellant’s guilt is clear so the error was, in the end, not harmful enough to warrant reversal.
The evidence of appellant’s guilt is clear so the error was, in the end, not harmful enough to warrant reversal.